**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN R. ELLIS, JR.,

    Plaintiff,

v.

Director WOODFORD; et al.,

    Defendants.
                                   /

No. C 05-2110 SI (pr)

**ORDER OF SERVICE**

### INTRODUCTION

Franklin R. Ellis, Jr., an inmate at Pelican Bay State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A.

### BACKGROUND

Ellis alleges the following in his complaint about events that occurred on May 4, 2004 at Pelican Bay State Prison: Ellis was out on the yard when he heard the notice to return to his housing area. As Ellis began to return to his cell area, correctional officer ("C/O") Marvin stopped him and told him that he did not like Ellis' attitude and what he had been saying (although Ellis alleges he had said nothing). Sergeant Coleman then stated to Ellis that "'you're not going to last long over here.'" Complaint, p. 5. Ellis returned to his cell. Minutes later, Ellis was told he was going to be moved to a new cell, # 211. He protested and refused when the correctional staff wouldn't tell him who his new cellmate would be. Shortly thereafter, he was told by C/O Kiplinger that he would be moved to cell # 117. Ellis knew which inmate lived in

that cell and protested that they would be incompatible as cellmates. He refused to move to the new cell. C/Os Hahn, Duran, Marvin, Powers, and Freeman and sergeant Coleman entered the housing section and approached. Ellis refused Coleman's order to pack up to move. Sergeant Coleman then ordered the control officer, C/O Kiplinger, to open Ellis' cell door, but the cell door jammed and did not open completely. Sergeant Coleman sprayed Ellis with mace and ordered him to "cuff up" (i.e., to submit to handcuffs). Ellis complied and backed up to the door to be handcuffed. The officers then hit him with clenched fists. Ellis then was handcuffed tightly and taken to the shower area for a decontamination shower. While in the shower area, sergeant Coleman kicked him in the buttocks.

Ellis was thereafter medically examined by MTA S. Owens. Sergeant Coleman told MTA Owens initially that Ellis was being charged with resisting officers. After MTA Owens examined Ellis and said he might need stitches, sergeant Coleman and C/O Freeman indicated Ellis had hit Freeman. MTA Owens changed the medical chart, crossing out "resisting officers" and writing in "assaulting officers" as the charge. Complaint, p. 7.

## DISCUSSION

A.  Review Of Complaint

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7 (1992). Liberally construed, the allegations of the complaint state a cognizable Eighth Amendment claim against sergeant Coleman, and C/Os Hahn, Duran, Marvin, Powers, and Freeman for the use of excessive force on Ellis.

The other named defendants must be dismissed, however, because Ellis has not stated a claim against them. CDC director Woodford and warden Kirkland appear to be defendants on the theory that they have employed the wrongdoers and they are responsible for the prison's operations. Such a theory of liability would be respondeat superior liability, i.e., liability simply because they have employed the wrongdoers. Respondeat superior liability is not allowed under § 1983. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984); accord Monell v. Dep't of Social Servs., 436 U.S. 658, 691 (1978) (local governments cannot be liable under § 1983 under respondeat superior theory). The complaint also does not state a claim against MTA Owens, who examined Ellis and allegedly changed a notation in the medical chart to reflect a new charge against Ellis. There is no indication that an MTA's medical notes are the basis for a decision to charge an inmate with a rule violation; moreover, the complaint alleges that Owens simply wrote down the charges as he was told by sergeant Coleman. The complaint also does not state a claim against C/O Kirkland, who allegedly opened the door of Ellis' cell upon sergeant Coleman's orders and told Ellis he would be moved to a new cell. Finally, the complaint does not state a claim against lieutenant Terry, who is listed as a defendant but not otherwise mentioned.

B.   Miscellaneous Motions

Ellis has filed a motion for appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. See Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits

and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. See id. Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. Based on the record before it, the court is not able to determine that there is a likelihood of success on the merits and the complaint does not raise difficult legal claims. The motion for appointment of counsel is denied.

Ellis also has requested that the court issue a temporary restraining order to prevent unidentified "fellow officers" of defendants from retaliating against him. The motion is denied because there is an insufficient showing of a need for interim relief in this action and because plaintiff has not shown that the court has authority to issue such an order against a non-party. If Ellis believes his constitutional rights are being infringed by his current conditions of confinement, he may file a new civil rights action after exhausting administrative remedies for all claims he asserts in the complaint in the new action.

Finally, Ellis moves that the court order the U.S. Marshal to serve the named defendants. The motion is unnecessary. When, as here, the court grants in forma pauperis status and orders service of a complaint, it orders the Marshal to serve process without need for a request from a plaintiff.

## CONCLUSION

For the foregoing reasons,

1. Plaintiff's complaint states a claim for relief under 42 U.S.C. § 1983 against defendants sergeant Coleman, and C/Os Hahn, Duran, Marvin, Powers, and Freeman for the use of excessive force on Ellis. All other defendants and claims are dismissed.

2. The clerk shall issue summonses and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of this order, and a copy of all the other documents in the case file upon the following individuals, all of whom apparently work at Pelican Bay State Prison:

4

- sergeant Coleman
- correctional officer Hahn
- correctional officer Duran
- correctional officer Marvin
- correctional officer Powers
- correctional officer Freeman

3.    In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a.    No later than **November 23, 2005**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, they must so inform the court prior to the date the motion is due.

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **December 30, 2005**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case[.] [Rule 56 tells you what you must do in order to oppose a motion] for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c.    If defendants wish to file a reply brief, they must file and serve the reply brief no later than **January 13, 2006**.

4.    All communications by plaintiff with the Court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather

5

than directly to that defendant.

5.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6.  Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7.  Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

8.  Plaintiff's motion for appointment of counsel is DENIED. (Docket # 3.)

9.  Plaintiff's motion to have the Marshal serve the complaint is DENIED as unnecessary. (Docket # 4.) This order requires the Marshal to serve the defendants against whom the complaint states a claim for relief. The Marshal does not serve process on any defendant who has been dismissed.

10. Plaintiff's request for a temporary restraining order is DENIED.

IT IS SO ORDERED.

Dated: September _26_, 2005

_____
SUSAN ILLSTON
United States District Judge

6