UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN ELLIS, JR.,

    Plaintiff,

v.

DIRECTOR WOODFORD; et al.,

    Defendants.
                                 /

No. C 05-2110 SI (pr)

**ORDER (1) DENYING MOTIONS TO COMPEL AND FOR COUNSEL AND (2) REFERRING CASE TO MEDIATION PROGRAM**

A.   Pending Motions

    On January 23, 2007, the court denied defendants' motion for summary judgment. The court ordered defendants to file an answer and all the parties to file status reports by March 2, 2007. Defendants filed an answer and a status report.

    Plaintiff failed to file a status report. The court had ordered the status reports to indicate "what discovery remains to be done, the amount of time needed for discovery, whether any further motions will be filed, when they will be ready for trial, and the expected length of the trial." Order Denying Summary Judgment Motion, p. 7. The absence of a status report from plaintiff is understood by the court to mean that he has no more discovery to do, has no more motions to file and is now ready for trial.

    Plaintiff filed a third motion for appointment of counsel. Plaintiff's third motion for appointment of counsel is DENIED for the same reasons his first motion for appointment of counsel was denied. See Order Of Service, pp. 2-3. (Docket # 38.)   Although this case has survived summary judgment, the legal issues are not complicated and any trial essentially will be a credibility contest between the parties.

Plaintiff's motion to compel discovery is DENIED because he failed to meet and confer with defense counsel before filing the motion. (Docket # 39.) The court generally is not involved in the discovery process and only becomes involved when there is a dispute between the parties about discovery responses. Discovery requests and responses normally are exchanged between the parties without any copy sent to the court. See Fed. R. Civ. P. 5(d) (listing discovery requests and responses that "must not" be filed with the court until they are used in the proceeding or the court orders otherwise). Only when the parties have a discovery dispute that they cannot resolve among themselves should the parties even consider asking the court to intervene in the discovery process. The court does not have enough time or resources to oversee all discovery, and therefore requires that the parties present to it only their very specific disagreements. To promote the goal of addressing only very specific disagreements (rather than becoming an overseer of all discovery), the court requires that the parties meet and confer to try to resolve their disagreements before seeking court intervention. See Fed. R. Civ. P. 37(a)(2)(B); N. D. Cal. Local Rule 37. Where, as here, one of the parties is a prisoner, the court does not require in-person meetings and instead allows the prisoner and defense counsel to meet and confer by telephone or exchange of letters. Although the format of the meet-and-confer process changes, the substance of the rule remains the same: the parties must engage in a good faith effort to meet and confer before seeking court intervention in any discovery dispute. Plaintiff's motion is denied without prejudice because did not make the necessary good faith effort to meet and confer with defense counsel before filing the motion.

B. <u>Referral To Pro Se Prisoner Mediation Program</u>

Both plaintiff and defendants have indicated an interest in pursuing settlement talks regarding this action. Plaintiff's motion for settlement conference is GRANTED in limited part: the court will refer the matter to the mediation program. (Docket # 40.)

The court has established a Pro Se Prisoner Mediation Program under which certain prisoner civil rights cases may be referred to a neutral magistrate judge for prisoner mediation proceedings. The proceedings will consist of one or more conferences as determined by the

2

mediator. Good cause appearing therefor, this case is now referred to Magistrate Judge Vadas for mediation proceedings pursuant to the Pro Se Prisoner Mediation Program. The proceedings will take place within 60 days of the date this order is filed. Magistrate Judge Vadas will coordinate a time and date for a mediation proceeding with all interested parties and/or their representatives and, within 5 days after the conclusion of the mediation proceedings, file with the court a report for the prisoner mediation proceedings.

The clerk will send to Magistrate Judge Vadas in Eureka, California, a copy of the case file for this action.

IT IS SO ORDERED.

Dated: April 4, 2007

_____
SUSAN ILLSTON
United States District Judge